So Ordered.

Signed this 5 day of January, 2024.





_____

Wendy A. Kinsella

United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

In Re:

**JOSEPH A. DIMINO, JR.,**

　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 23-30672

**Debtor.**　　　　　　　　　　　　　　　　　　Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

| **Part 1:** | **Findings** |
|---|---|

In connection with the chapter 13 plan filed at docket no **4** ("Plan") before this court for confirmation, the court finds that:

(1) Debtor[1] has complied with the filing requirements under 11 U.S.C. § 521(a)(1) (mandatory documents) and 11 U.S.C. § 521(b) (credit counseling certificate);

(2) Under penalty of perjury, Debtor has represented to the chapter 13 trustee ("Trustee") and this court that, to the extent applicable, all domestic support obligations owed by Debtor, as defined in 11 U.S.C. § 101(14A), that have become due since the filing of the petition have been paid and that all such obligations coming due during the Plan will be paid in a timely fashion;

(3) Debtor has completed the Certification Pursuant to Local Bankruptcy Rule 3015-1 as to compliance with the requirements of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") and Local Bankruptcy Rules ("LBR") by providing creditor addresses that enabled proper notice upon all creditors and parties in interest of the Plan and has made service pursuant to Fed. R. Bankr. P. 7004 and LBR 3015-1(c) upon any creditor affected

---

[1] In a joint case, any reference to "Debtor" shall mean "Debtors."

by an Allowed Contested Matter[2] contained within the Plan as set forth in the certificate of service filed by Debtor; and

(4) The Trustee has reviewed and recommends the Plan for confirmation to the court, all timely objections, if any, have been resolved, and the Plan meets the requirements of 11 U.S.C. § 1325.

**Accordingly, IT IS ORDERED** that

The Plan is confirmed, with the following provisions set forth in Parts 2-9 below.

| Part 2: | Plan Payments, Length of Plan and Order of Distribution |
|---|---|

**2.1    Plan Payments and Length of Plan**

| | |
|---|---|
| Amount of each Monthly Payment: | **$600.00** |
| Term of Plan: | **60 months** |
| Minimum Amount to be paid into the Plan: | **$36,000.00** |

**Minimum Amounts to be paid to nonpriority unsecured creditors under the Plan shall be the greater of:**

| | |
|---|---|
| Liquidation: | **$9,524.50** |
| Disposable Income (Form 122C-2, line 45 x 60 months): | **$24,916.20** |
| Percentage Repayment: | **36%** |

**2.2    Income Tax Refunds**

Debtor will turn over to the Trustee all income tax refunds in excess of $1,500 received during the Plan term, unless, pursuant to the authority granted under LBR 3015-1(e) and without further notice or hearing, the Trustee has approved the debtor's retention of in excess of $1,500 based upon demonstrated reasonable and necessary expenses of the debtor or the debtor's dependents.

**2.3    Order of Distribution of Plan Payments by the Trustee**

Subject to any alternate provision in Part 8, funds received by the Trustee for distribution to creditors under the Plan shall be disbursed to pay claims as set forth in this Order and shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

First: To pay any and all equal monthly payments required on allowed secured claims under Sections 3.2 and 3.3 and nonpriority unsecured claims under Section 5.2.;
Second: To pay allowed administrative expenses, including attorney's fees under Section 4.3, pro rata, until paid in full;
Third: To pay allowed secured claims pro rata until paid in full under Sections 3.1, 3.4 and 3.6;
Fourth: To pay allowed priority claims pro rata until paid in full under Sections 4.4 and 4.5; and
Fifth: To pay allowed unsecured claims pro rata under Part 5.

---

[2] Allowed Contested Matter shall have the same meaning as ascribed in LBR 3015-1(c)(1).

In the event Debtor will make ongoing mortgage or lease installment payments through the Plan under Section 3.1 or 6.1, those payments shall be made prior to payment to any other creditor and after payment of applicable Trustee's fees.

**Part 3:      Secured Claims**

All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge of the underlying debt under 11 U.S.C. § 1328.

If relief from the automatic stay is ordered as to any item of collateral listed in this Part, then all payments under this Part as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the Plan.

**3.1    Maintenance of Payments and Cure of Default**

☐ **None**.

**(a)    Prepetition Arrears**

Prepetition arrears owed to the creditors listed below will be paid in full by the Trustee in accordance with a timely filed proof of claim. In the absence of a contrary timely filed proof of claim, the amount stated below shall control.

| Creditor | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) |
|---|---|---|---|
|  |  |  |  |

**(b)    Maintenance of Payments**

Ongoing postpetition payments will be disbursed directly to the creditor as indicated below.

| Creditor | Collateral | Current installment payment | Installment payment to be disbursed by |
|---|---|---|---|
| **M&T Bank** | **2015 Mercedes** | **$425.83** | ☐ Trustee  ■ Debtor |
| **Movement Mortgage** | **4815 Lepinski Farm Place** | **$2,700.00 – Debtor pays half as part of child support agreement** | ☐ Trustee  ■ Debtor |

**3.2    Payment of Secured Claim Based on Collateral Value**

■ **None**.

**3.3    Payment in Full of Secured Claim with Present Value Interest**

■ **None**.

3

**3.4** **Judicial Liens Avoided Pursuant to 11 U.S.C. § 522(f)**

  ■ **None**.

**3.5** **Surrender of Collateral**

  ■ **None**.

**3.6** **Secured claims to be paid in full.** *Check one.*

  ■ **None**.

| Part 4: | Fees and Priority Claims |

**4.1** **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's Fees**

Trustee's fees are governed by statute and may change during the course of the case but will be no more than 10% of payments received by the Trustee under the Plan.

**4.3** **Attorney's Fees**

Debtor's attorney shall be as paid set forth below.

  Total Fee Approved                                **$4,500.00**
  Amount Paid Directly by Debtor                    **$2,500.00**
  Allowed Administrative Claim to be paid by Trustee **$2,000.00**

**4.4** **Priority Claims Other Than Attorney's Fees and Those Treated in Section 4.5**

  ☐ **None**.

Claims entitled to priority under 11 U.S.C. § 507 shall be paid in full based upon a timely filed proof of claim.

| Creditor | Amount of claim to be paid |
|---|---|
| **Internal Revenue Service** | **$6,625.62** |

**4.5** **Domestic Support Obligations Assigned or Owed to a Governmental Unit and Paid in Accordance with 11 U.S.C. § 1322(a)(4)**

  ■ **None**.

| Part 5: | Nonpriority Unsecured Claims |

**5.1** **Nonpriority Unsecured Claims Not Separately Classified**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, until paid in accordance with the minimum amount set forth in Section 2.1.

**5.2** **Maintenance of Payments and Cure of any Default on Nonpriority Unsecured Claims**

  ■ **None**.

**5.3     Other Separately Classified Nonpriority Unsecured Claims**

■ **None**.

| **Part 6:** | **Executory Contracts and Unexpired Leases** |

**6.1    Executory Contracts and Unexpired Leases**

■ **None**.

| **Part 7:** | **Vesting of Property of the Estate** |

**7.1    Revesting**

Property of the estate shall not revest in Debtor until completion of the Plan.

| **Part 8:** | **Non-Standard Plan Provision(s)** |

■ **None**.

| **Part 9:** | **Miscellaneous Provisions** |

**IT IS FURTHER ORDERED that**

**9.1    Dischargeability**

Any provision in the Plan purporting to discharge a claim under 11 U.S.C. § 523 shall be unenforceable and void until such time as Debtor obtains a separate order that discharges such claim.

**9.2    Default on Direct Payments to Secured Creditors**

Upon Debtor's post-confirmation default to a secured creditor listed in Sections 3.1(b) for a period of more than 60 days on claims secured by real property which is NOT the Debtor's principal residence, or 30 days on claims secured by personal property ("Post-Confirmation Default"), the secured creditor may give notice of said Post-Confirmation Default ("Default Notice"). The Default Notice shall be filed with the court and served upon Debtor by first class mail and upon Debtor's attorney and the Trustee by notice of electronic filing via the CM/ECF system. The secured creditor must file an affidavit of service of the Default Notice with the court. The Default Notice shall provide that within 15 days the Post-Confirmation Default must be: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by the court based on appropriate pleadings filed by Debtor establishing sufficient equity or other facts sufficient to justify continuance of the automatic stay. If the Post-Confirmation Default is not resolved in accordance with the terms of the Default Notice, said creditor may submit an application and ex parte order providing relief from the automatic stay and directing that (i) the Trustee be added as a necessary party to receive notice of the report of sale and surplus money proceedings; and (ii) closure of the case shall not constitute an abandonment of the Trustee's interest, if any, in any surplus proceeds.

**9.3    Requirements Regarding Postpetition Tax Returns**

During the term of the confirmed Plan, Debtor shall timely file with the taxing authorities all required federal and state tax returns and pay all applicable taxes when due. Upon Debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any postpetition

period, the appropriate taxing authority may give written notice of said delinquency ("Delinquency Notice") to Debtor by regular mail, and Debtor's attorney and the Trustee by electronic notice, based upon the filing of the Delinquency Notice with the court. The taxing authority must file an affidavit of service of the Delinquency Notice with the court. The Delinquency Notice shall specify which tax returns have not been filed and/or which taxes have not been paid and give notice that the taxing authority may apply ex parte for an order dismissing the case within 180 days from the date the Delinquency Notice is given if the delinquency is not: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by appropriate pleading submitted to the court evidencing the filing of said returns and/or payment of said tax. If the delinquency is not addressed as per the terms of the Delinquency Notice, the taxing authority may submit an ex parte application and order dismissing the chapter 13 case without further notice.

**9.4    Obligation to Report Inheritances, Settlements, Awards, Bonuses or Any Other Asset or Monies Received During the Term of the Plan**

Debtor shall report to the Trustee any receipt or notice of entitlement to funds in excess of $1,500.00 during the term of the Plan (other than the regular monthly income reflected in Schedule I filed with the court).

**9.5    Payroll Deductions**

If Debtor defaults on payments required by the Plan, the Trustee may submit and implement an ex parte order for payroll deduction payments without further notice to Debtor or Debtor's attorney.

**9.6    Trustee's Duties Regarding Business Cases**

The Trustee is not to perform the duties specified in 11 U.S.C. § 1302(c) absent further order of this court. Debtor shall perform the duties as specified in 11 U.S.C. § 704(a)(8) and file with the Trustee such periodic reports as to the operation of Debtor's business as required by the Trustee or court pursuant to 11 U.S.C. §1304(c).

**9.7    Prohibition on Postpetition Debt**

Debtor is prohibited from incurring any debt in excess of $1,500.00 without prior approval of the Trustee or the court, except such debt as may be necessary for emergency medical or hospital care of the Debtor or Debtor's dependents.

**9.8    Sales or Transfers of Property During the Plan Term**

No property may be sold or transferred without the approval of the court or the Trustee. Notwithstanding any provision of the Plan or this Order, no article of property, real or personal, with any value of less than $2,500.00 may be sold, transferred or otherwise disposed of, without the prior consent of the Trustee, and no article of property, real or personal, with any value of more than $2,500.00 may be sold, transferred or otherwise disposed of, without prior order of this court.

**9.9    Ongoing Notices**

Creditors being paid directly by Debtor under the Plan shall continue to send customary payment coupons, statements, and notices to the parties making ongoing payments during the term of the Plan. Such actions shall not constitute or form the basis for finding a violation of the automatic stay.

**9.10   Inconsistent Provisions**

In the event of an inconsistent provision contained in the Plan and this Order, this Order shall control.

**9.11   Loss Mitigation**

If loss mitigation is pending between Debtor and a Mortgagee Creditor, the following terms and conditions shall govern the rights of Debtor and Mortgagee Creditor under the confirmed Plan:

a. The success of the Plan is dependent upon the success of the pending loss mitigation and modification of the mortgage terms. Thus, Mortgagee Creditor's right to seek dismissal of the case based upon Debtor's inability to successfully complete the Plan and Debtor's right to seek to modify the Plan terms are preserved in all respects.

b. While loss mitigation is pending, the Trustee shall reserve all funds which would otherwise be disbursed on any claim timely filed by the Mortgagee Creditor. Reserved funds may be disbursed by the Trustee only with the consent of the Mortgagee Creditor or upon entry of an order after notice and a hearing.

c. If the confirmed Plan provides that Debtor will remit to the Trustee a sum certain every month as an ongoing postpetition mortgage payment for the Mortgagee Creditor, then the Trustee shall reserve and shall not disburse said funds while loss mitigation is pending absent consent of the Mortgagee Creditor or entry of an order authorizing disbursement after notice and a hearing.

ALL OPPOSITION HAVING BEEN OVERRULED OR SETTLED, THE STANDING TRUSTEE RECOMMENDS THE PLAN AS SATISFYING THE REQUIREMENTS OF 11 U.S.C. § 1325(a).

Date: **January 3, 2024**                                                                                           Initials: **s/MWS**

# # #