UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:

Joseph A. DiMino, Jr,

                        Debtor.

-------------------------------------------------------x

Case No. 23-30672-5-wak

Chapter 13

HON. WENDY A. KINSELLA

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO:   THE HONORABLE WENDY A. KINSELLA
       UNITED STATES BANKRUPTCY JUDGE**

       Movant, MOVEMENT MORTGAGE, LLC, BY SERVICE MAC, LLC, ITS APPOINTED ATTORNEY IN FACT (the "Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

       1.     Joseph A. DiMino, Jr, (the "Debtor"), filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on September 20, 2023.

       2.     On September 14, 2021, Joseph DiMino executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $416,361.00 to Movement Mortgage, LLC. The Mortgage, encumbering the real property located at 4815 Lepinske Farm Place, Clay, NY 13041 (the "Property"), was recorded on September 21, 2021 as Instrument Number 2021-00044931 of the Public Records of Onondaga County, New York. Thereafter, the Note and Mortgage were transferred to Movant by an Assignment of Mortgage and properly endorsed Note. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as

Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Modification, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

4. The terms of the aforementioned Note and Mortgage have been in post-petition default, and remain in default. Debtor has failed to make the current monthly mortgage payments due to Movant under the terms of the modified Mortgage. According to Movant's Relief from Stay-Real Estate and Cooperative Apartments Worksheet ("Worksheet"), as of March 7, 2025, the Mortgage is due for the July 1, 2024 through the March 1, 2025 payments, each payment in the amount of $3,334.08, less a suspense balance of $2,828.16, for a total of $27,178.56 due to Movant in missed payments. Based on the Movant's statement the total amount due is $402,732.19. A true and accurate copy of the Worksheet is attached hereto as Exhibit "B."

5. That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns, to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

6. Based on the Debtor's Schedule A/B dated September 20, 2023, the value of the Property is $486,577.00. A copy of the Debtor's Schedule A/B, which is a permissible property valuation under Fed. R. Evid. 803(8) is attached hereto as Exhibit "C."

7. Based upon the Debtor's Chapter 13 Confirmed Plan (Docket No. 4), the property is treated outside the plan and Secured Creditor will receive payments directly.

8. Movant's security interest in the Property is being jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its Property position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.

11. Once the stay is terminated, the Debtors will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. If Movant is not permitted to enforce its security interest in the Property or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

13. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Movant.

14. Movant requests approval of legal fees in the amount of $450.00 if granted on default and $550.00 if settled with a conditional order and costs in the amount of $199.00 associated with this motion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's bankruptcy estate.

15. No previous application has been made for the relief request herein.

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and for any such further relief as this Honorable Court deems just and appropriate.

DATE: March 10, 2025
      Westbury, NY

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS, PLLC
Attorney for Secured Creditor
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: (516) 280-7675
Fax: (516) 280-7674

By: /s/ _Suzanne Youssef_____
Suzanne Youssef, Esq.
Email: syoussef@raslg.com