UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

**Joseph A. DiMino, Jr,**　　　　　　　　　　　　　　Case No. 23-30672-5-wak

　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

　　　　　　　　　　　　　　　　　　　　　　　　　**HON. WENDY A. KINSELLA**

　　　　　　　　　　　　Debtor.
-------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 362(d)
### MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

　　　Upon the motion, filed March 10, 2025, (the "Motion"), by MOVEMENT MORTGAGE, LLC, BY SERVICE MAC, LLC, ITS APPOINTED ATTORNEY IN FACT (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the property located at 4815 Lepinske Farm Place, Clay, NY 13041 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion

having been made on all necessary parties; and the Court having held a hearing on the Motion on April 3, 2025; with no opposition interposed, and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

ORDERED that the Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted; and it is further

ORDERED, that (i) the case trustee be added as a necessary party to receive notice of the report of sale and surplus money proceedings; and (ii) closure of the case shall not constitute an abandonment of the trustee's interest, if any, in any surplus proceeds.

ORDERED that this Order is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code; and it is further

ORDERED that Movant attorney's fees of $450.00, if granted on default, or $550.00, if resolved by conditional order and costs of $199.00, are awarded for the prosecution of this Motion, but are not recoverable from the Debtor or the Debtor's Bankruptcy estate.

# # #